EPSTEIN BECKER & GREEN, P.C.
Shira M. Blank
Jeremy M. Brown
Marissa Vitolo
875 Third Avenue
New York, New York 10022
(212) 351-4500
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON COOPER,<br><br>                        Plaintiff,<br><br>-against-<br><br>THE OFFICE OF THE COMMISSIONER<br>OF BASEBALL d/b/a MAJOR LEAGUE<br>BASEBALL, and PDL BLUE, INC.,<br><br>                        Defendants. | Civil Case No. 1:24-cv-03118-VSB<br><br><br>**ANSWER TO COMPLAINT<br>AND AFFIRMATIVE DEFENSES** |

Defendants the Office of the Commissioner of Major League Baseball, d/b/a Major League Baseball (the "MLB") and PDL Blue, Inc. (collectively, "Defendants"), through their attorneys, Epstein Becker & Green, P.C., hereby answer the Complaint of Plaintiff Brandon Cooper ("Plaintiff") as follows:

**RESPONSE TO NATURE OF THE CASE**

1.      The allegations set forth in Paragraph 1 of the Complaint, including its footnote, are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 1 of the Complaint, and specifically, deny that Plaintiff has been discriminated and/or retaliated against, or subjected to a hostile work environment, and that Plaintiff is entitled to any damages or relief under any law, rule, or regulation.

## RESPONSE TO PRELIMINARY STATEMENT

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 2 of the Complaint regarding Plaintiff's alleged "dream." Defendants deny the remaining allegations set forth in Paragraph 2 of the Complaint and aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations set forth in Paragraph 7 of the Complaint and aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, nor did they ever institute, develop, or maintain "an illegal diversity quota."

## RESPONSE TO JURISDICTION AND VENUE

8.      The allegations set forth in Paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 8 of the Complaint, except admit that Plaintiff is attempting to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

9.      The allegations set forth in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that MLB's

principal place of business is in New York and that Plaintiff is attempting to invoke the jurisdiction

of this Court, but deny the remaining allegations set forth in Paragraph 9 of the Complaint.

10.    The allegations set forth in Paragraph 10 of the Complaint are legal conclusions to

which no response is required. To the extent a response is required, Defendants deny the

allegations set forth in Paragraph 10 of the Complaint, except admit that Plaintiff is attempting to

invoke the venue within this District pursuant to 28 U.S.C. § 1391(b)(1).

<h2 style="text-align:center">RESPONSE TO PARTIES</h2>

11.    The allegations set forth in Paragraph 11 of the Complaint are legal conclusions to

which no response is required. To the extent a response is required, Defendants deny the

allegations set forth in Paragraph 11 of the Complaint and further specifically deny that Plaintiff

is entitled to the protections under New York law, including, without limitation, the New York

State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

12.    Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13.    Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.    The allegations set forth in Paragraph 14 of the Complaint are legal conclusions to

which no response is required. To the extent a response is required, Defendants deny the

allegations set forth in Paragraph 14 of the Complaint and further aver that Plaintiff is unable to

state a claim under New York law, including, without limitation, the NYSHRL and the NYCHRL.

<h2 style="text-align:center">RESPONSE TO BACKGROUND FACTS[1]</h2>

15.    Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16.    Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

---

[1] To the extent that Plaintiff's headings and subheadings can be construed as allegations, Defendants deny them.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Complaint, except admit that Plaintiff, along with other umpire candidates, was invited to attend the Umpire Prospect Development Camp in Vero Beach, Florida.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Complaint, except admit that Plaintiff was invited to attend Spring Training in Florida along with other umpire candidates.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Complaint, except admit that Plaintiff was invited to attend Spring Training along with other umpire candidates and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged feelings.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint, except admit that Plaintiff was appropriately placed on the taxi squad. Defendants further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, nor did they institute, develop, or maintain a "diversity quota."

22.     Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, except admit that Plaintiff was chosen to work in the Arizona Complex League in March 2023.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Complaint and respectfully refer the Court to the cited case for a recitation of its contents.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint and aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, nor did they institute, develop, or maintain "an unlawful quota system."

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint and aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, nor did they institute, develop, or maintain a "diversity quota."

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint and aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, nor did they institute, develop, or maintain any diversity quota system.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint, except admit that Jason Starkovich, Umpire Supervisor, observed and reviewed Plaintiff's performance on May 23, 2023, and further aver that that Defendants did not make any hiring decisions "for diversity reasons." Defendants further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, nor did they institute, develop, or maintain any diversity quota system.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint and further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Complaint and further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint and further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, nor did they institute, develop, or maintain any "unlawful diversity quota."

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint and further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint and further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint regarding Plaintiff and Kevin Bruno's ("Bruno") alleged feelings and their alleged discussions with individuals referred to as "higher-level umpires," except admit that Bruno reported an alleged incident that occurred on or around July 5 and Defendants fully investigated it.

42.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint regarding Plaintiff's discussions with Bruno, except admit that Bruno called Dusty Dellinger, Senior Manager, Umpire Development, regarding the events that allegedly transpired between his colleagues during the late evening of July 4, 2023, and early morning of July 5, 2023, and prepared a written statement, but deny the remaining allegations and refer to the document referenced for a recitation of its contents. Defendants further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, nor did they institute, develop, or maintain any unlawful diversity quota.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint but deny that Defendants discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, or took any steps to "get rid of" Plaintiff.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint, except admit that Plaintiff and Gina Quartararo ("Quartararo") were both appropriately referred for a one-hour consultation and training with Billy Bean ("Bean"), Vice President & Special Assistant to the Commissioner of Baseball, because of their behavior.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint regarding what Plaintiff claims he "learned" or did not understand and his discussions with Jordan Ferrell ("Ferrell") to allegedly "explore his options," but deny the remaining allegations set forth in Paragraph 45 of the Complaint, including that Ferrell or any other employee of Defendants "threatened" Plaintiff. Defendants further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Complaint and further deny that Ferrell anyone else employed by Defendants told Plaintiff that he would be "punish[ed]" "if he complained" and Defendants further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint, except admit that Plaintiff was accused of violating MLB's Anti-Discrimination and Harassment Policy for Minor League Umpires and that Defendants investigated these accusations. Defendants further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint, except admit that Plaintiff was appropriately instructed to attend a consultation and training with Bean as a result of reports about his inappropriate behavior.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint and aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class, subjected him to a hostile work environment, or failed to investigate alleged "allegations of discrimination."

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint and aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, except admit that Plaintiff's employment was appropriately terminated in October 2023.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint, except admit that Plaintiff's employment was appropriately terminated in October 2023, and further aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment, nor did they institute, develop, or maintain an "unlawful gender diversity quota."

54.     Defendants deny the allegations set forth in Paragraph 54 of the Complaint, except admit that Quartararo is employed by Defendants. Defendants further aver that they never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual

or perceived membership in any other protected class or subjected him to a hostile work environment, nor did they institute, develop, or maintain any diversity quota system.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint, including its footnote, and aver that Defendants did not wrongfully terminate Plaintiff's employment, and further, never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

## RESPONSE TO FIRST CLAIM FOR RELIEF

56.     Defendants repeat and reallege each and every response to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     The allegations set forth in Paragraph 57 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 57 of the Complaint and specifically deny that they engaged in any conduct giving rise to a claim for relief.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint and aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint and further deny that Plaintiff is entitled to any damages or relief under any law, rule, or regulation.

## RESPONSE TO SECOND CLAIM FOR RELIEF

60.     Defendants repeat and reallege each and every response to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.     The allegation set forth in Paragraph 61 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation set forth in Paragraph 61 of the Complaint and specifically deny that they engaged in any conduct giving rise to a claim for relief.

62.     The allegation set forth in Paragraph 62 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation set forth in Paragraph 62 of the Complaint and specifically deny that they engaged in any conduct giving rise to a claim for relief.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint and aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class.

64.     The allegations set forth in Paragraph 64 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 64 of the Complaint and specifically deny that they engaged in any conduct giving rise to a claim for relief.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Complaint and aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Complaint and further deny that Plaintiff is entitled to any damages or relief under any law, rule, or regulation.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint and further deny that Plaintiff is entitled to any damages or relief under any law, rule, or regulation.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

68.     Defendants repeat and reallege each and every response to Paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69.     The allegations set forth in Paragraph 69 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 69 of the Complaint and specifically deny that they engaged in any conduct giving rise to a claim for relief.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint and aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class or subjected him to a hostile work environment.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint and further deny that Plaintiff is entitled to any damages or relief under any law, rule, or regulation.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**

72.     Defendants repeat and reallege each and every response to Paragraphs 1 through 71 of the Complaint as if fully set forth herein.

73.     The allegation set forth in Paragraph 73 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation set forth in Paragraph 73 of the Complaint and specifically deny that they engaged in any conduct giving rise to a claim for relief.

74.     The allegation set forth in Paragraph 74 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation

set forth in Paragraph 74 of the Complaint and specifically deny that they engaged in any conduct giving rise to a claim for relief.

75.     Defendants deny the allegation set forth in Paragraph 75 of the Complaint and aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class.

76.     The allegations set forth in Paragraph 76 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 76 of the Complaint and specifically deny that they engaged in any conduct giving rise to a claim for relief.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Complaint and aver that Defendants never retaliated or discriminated against Plaintiff on the basis of his gender, sexual orientation, or actual or perceived membership in any other protected class.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Complaint and further deny that Plaintiff is entitled to any damages or relief under any law, rule, or regulation.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Complaint and further deny that Plaintiff is entitled to any damages or relief under any law, rule, or regulation.

## RESPONSE TO JURY DEMAND AND WHEREFORE PARAGRAPH

80.     Defendants deny that Plaintiff is entitled to any of the relief sought in the Demand for Jury Trial and "WHEREFORE" paragraph, inclusive of all subparts.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, Defendants state the following affirmative, special, and/or other defenses, if applicable, and if supported by facts to be determined through discovery:

### First Defense

1.      The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Defense

2.      The Complaint is barred, in whole or in part, because even if Plaintiff was able to prove that he was treated less well than others based on a protected characteristic, which Defendants expressly deny, at most, the complained of conduct would amount to mere petty slights and trivial inconveniences and therefore cannot support a cognizable cause of action or entitle Plaintiff to any relief under the NYSHRL or NYCHRL, or any other law, rule or regulation.

### Third Defense

3.      Plaintiff's claims fail, in whole or in part, to allege that any alleged retaliatory action was caused by or connected to him engaging in any allegedly protected activity.

### Fourth Defense

4.      At all times, Defendants acted in good faith and had reasonable grounds for believing their acts, if any, were not in violation of applicable laws.

### Fifth Defense

5.      All decisions with respect to Plaintiff were non-discriminatory and non-retaliatory, based on reasonable, legitimate business factors, and were undertaken in good faith and in compliance with all applicable laws, rules, and regulations.

### Sixth Defense

6.      Plaintiff's alleged damages were not caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or permitted by Defendants. All actions undertaken with respect to Plaintiff were nondiscriminatory and nonretaliatory, were based on sound business judgment, and were untaken in good faith and in compliance with applicable laws.

**Seventh Defense**

7.      Defendants would have taken the same employment actions toward Plaintiff in the absence of any alleged impermissible motivating factor, which allegation Defendants expressly deny.

**Eighth Defense**

8.      Subject to proof through discovery, Plaintiff's claims and/or damages may be barred, in whole or in part, by the applicable doctrines of waiver, unclean hands, estoppel, laches, and/or after-acquired evidence.

**Ninth Defense**

9.      Any emotional distress, pain and suffering, mental anguish, physical ailments, embarrassment and/or humiliation suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

**Tenth Defense**

10.      Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of any failure by him to exercise reasonable diligence to mitigate his alleged damages.

**Eleventh Defense**

11.      Plaintiff has failed to state a cause of action upon which attorneys' fees, compensatory, or punitive damages may be awarded.

**Twelfth Defense**

12.      Plaintiff has not suffered any damages as a result of any acts or omissions by Defendants.

15

**Thirteenth Defense**

13.      If Defendants or any of their employees or agents engaged in any of the unlawful acts alleged in the Complaint, which Defendants expressly deny, they did not engage in such acts intentionally, willfully, with malice and/or with reckless indifference to Plaintiff's protected rights.

**Fourteenth Defense**

14.      Defendants did not encourage, condone, or ratify any alleged discriminatory or retaliatory conduct.

**Fifteenth Defense**

15.      Plaintiff's claims are barred because he never engaged in any legally protected activity.

**Sixteenth Defense**

16.      Plaintiff's claims pursuant to the NYCHRL and NYSHRL fail as none of the alleged conduct occurred in New York City or New York State.

**Seventeenth Defense**

17.      Plaintiff's claims pursuant to the NYCHRL and NYSHRL fail as none of the alleged conduct had any impact in New York City or New York State.

**Eighteenth Defense**

18.      At all relevant times, Defendants maintained an appropriate policy and program against unlawful discrimination, harassment, and retaliation and an effective complaint procedure that was known and available to all employees, including Plaintiff. Nonetheless, Plaintiff unreasonably failed to utilize or pursue the preventative or corrective measures provided by Defendants to avoid harm otherwise.

## RESERVATION OF RIGHTS

In addition to the defenses stated above, Defendants reserve the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

**WHEREFORE**, Defendants respectfully request that the Court deny the relief sought by Plaintiff and enter an Order dismissing the Complaint in its entirety, awarding them their attorneys' fees and costs of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 8, 2024

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Shira M. Blank
    Shira M. Blank
    Jeremy M. Brown
    Marissa Vitolo
    875 Third Avenue
    New York, New York 10022
    (212) 351-4500
    sblank@ebglaw.com
    jmbrown@ebglaw.com
    mvitolo@ebglaw.com
    *Attorneys for Defendants*
    *The Office of the Commissioner of Baseball*
    *and PDL Blue, Inc.*