UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
        :
BRANDON COOPER, *et al.*,        :
        :
        Plaintiffs,    :
        :    24-CV-3118 (VSB)
    - against -    :
        :    **ORDER**
THE OFFICE OF THE COMMISSIONER OF :
BASEBALL d/b/a MAJOR LEAGUE    :
BASEBALL, *et al.*,    :
        :
        Defendants.  :
        :
----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

    Before me is the joint letter motion of Defendant The Office of the Commissioner of Baseball d/b/a Major League Baseball ("MLB") and Defendant PDL Blue, Inc. ("PDL") for a complete stay of discovery. (Doc. 34.) Defendants seek a discovery stay pending my resolution of their motion, (Doc. 28), to dismiss certain of Plaintiffs' claims, to sever Plaintiffs' claims, and to transfer each Plaintiff's remaining claims out of this District. Because Defendants have not demonstrated "good cause" for a stay under Federal Rule of Civil Procedure 26, the motion is DENIED.

    **I.**    **Background**

    Plaintiffs Brandon Cooper and Alexander Lawrie—former MLB employees and aspiring MLB umpires—filed the operative complaint on November 6, 2024. (*See* Doc. 27 ¶¶ 2–9.) They allege that in order to correct gender and race disparities among MLB umpires, "Defendants have implemented an illegal diversity quota requiring that women be promoted regardless of merit." (*Id.*) According to Plaintiffs, this "quota" worked to their detriment, as they were each demeaned and terminated after complaining about a female umpire's sexual

harassment. (*Id.*) The complaint therefore asserts hostile-work-environment, wrongful-termination, and retaliation claims under the New York State Human Rights Law (the "State HRL"), the New York City Human Rights Law (the "City HRL"), and Title VII of the Civil Rights Act. (*See id.* ¶¶ 94–128.)

On December 23, 2024, Defendants filed a motion seeking (1) dismissal of the State and City HRL claims for lack of a connection to New York, (2) severance of Plaintiff's claims because they are based on separate transactions or occurrences, and (3) transfer of the severed actions to other Districts. (*See* Doc. 31.) Plaintiff's opposition to the motion is due January 27, 2025, and the motion will be fully briefed on February 17, 2025. (*See* Doc. 34.)

Defendants filed the instant stay motion on January 3, 2025. (Doc. 33.) Plaintiffs filed their opposition on January 7, 2025. (Doc. 35.)

## II.  **Legal Standard**

Federal Rule of Civil Procedure 26(c) authorizes a district court to stay discovery for "good cause." "The party seeking a stay of discovery bears the burden of showing good cause." *Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-6957, 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (internal quotation marks omitted). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (internal quotation marks omitted). Where, as here, "a motion to dismiss is pending, 'courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" *Alapaha View Ltd. v. Prodigy*

*Network, LLC*, No. 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (internal quotation marks omitted).

### III.  Discussion

To begin, the factor weighing "whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious" does not favor a stay. *Alapaha*, 2021 WL 1893316, at *2. Defendants concede that Plaintiffs Title VII claims will survive even if I were to grant Defendants' motion to dismiss, sever, and transfer in full. (*See* Doc. 31 at 1 ("After the Court has dismissed the NYSHRL and NYCHRL claims, only Plaintiffs' Title VII claims remain.").) Courts generally decline to grant discovery stays when "there is no pending motion that potentially disposes of the entire action." *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022); *see also id*. (collecting cases). Relatedly, "some discovery is inevitable" after a transfer, so "'there is no prejudice to Defendants in proceeding with discovery'" when a transfer motion is pending. *Morales v. Next Stop 2006, Inc.*, No. 22-CV-3311, 2022 WL 15523370, at *2 (S.D.N.Y. Oct. 27, 2022) (quoting *Kaplan v. Lebanese Canadian Bank, SAL*, No. 08-CV-7253, 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2022)).

Next, when weighing "the breadth of discovery" and "the risk of unfair prejudice to the party opposing the stay," *Alapaha*, 2021 WL 1893316, at *2, courts "consider whether the nature of discovery will be fundamentally different from the discovery that Plaintiff would take if a pending motion to dismiss were granted," *CT Espresso*, 2022 WL 1639485, at *2 (internal quotation marks omitted). Defendants' objection to the scope of discovery Plaintiffs seek, however, is the general statement that "it expects that Plaintiffs will interpose broad discovery requests on MLB's hiring/disciplinary/promotion policies." (Doc. 33 at 2.) As discussed, even if I dismiss Plaintiff's City and State HRL claims—I express no opinion on the merits at this

3

time—Defendants will still need to litigate Plaintiff's Title VII claims.  Although there are certain differences between the City and State HRL and Title VII, *see, e.g.*, *Lee v. Riverbay Corp.*, No. 22-CV-7504, 2024 WL 4312166, at *8–9, *12–13 (S.D.N.Y. Sept. 27, 2024) (comparing the statutes), Defendants do not explain whether those differences are relevant, nor do they argue that dismissing the HRL claims will affect the overall scope of discovery in the case.  Thus, they have not shown that either the breadth-of-discovery or unfair-prejudice factors favor a stay.  *Cf. Morales*, 2022 WL 15523370, at *2 (declining to issue a stay because the defendants had not articulated a "reason why the scope of discovery would materially differ" if the plaintiffs' state-law claims were dismissed but federal claims remained).

In short, none of the relevant factors favor a discovery stay, and Defendants have not otherwise demonstrated "good cause" within the meaning of Rule 26(c).

### IV.    Conclusion

For the foregoing reasons, Defendants' motion for a discovery stay is DENIED.  In a separate order, I will issue an order referring general pretrial matters to Magistrate Judge Gary Stein.  The parties should direct any matters within the scope of the referral, which includes any future discovery disputes or extension requests, to Judge Stein.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 33.

SO ORDERED.

Dated: January 9, 2025
   New York, New York

Vernon S. Broderick
United States District Judge